**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JARED NIKOLAS REMINSKY, | ) | CASE NO: 1:12-cv-0272 |
|  | ) |  |
| Plaintiff, | ) | JUDGE CARR |
|  | ) |  |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) |  |

This matter is before the magistrate judge on referral.  Petitioner, Jared Nikolas Reminsky ("Reminsky"), challenges the constitutionality of his sentence in the case of *United States v. Reminsky*, Case No. 5:08-cr-36-1D (E.D.N.C. 2009).  Reminsky filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (§ 2241") on February 3, 2012.  For the reasons set forth below, Reminsky's petition should be DISMISSED for lack of subject matter jurisdiction.

I.  Procedural History

I        Reminsky pleaded guilty to one count of transmission of child pornography in violation of 18 U.S.C. § 2252(a)(1) and one count of transmission of obscene materials over the internet in violation of 18 U.S.C. § 1462.  On January 13, 2009, the district court for the Northern District of North Carolina, Eastern Division, sentenced Reminsky

to 210 months' imprisonment for transmission of child pornography and 60 months' imprisonment for transmission of obscene materials, to be served concurrently with the other sentence.  The court also sentenced Reminsky to a life term of supervised release and to a concurrent term of three years' supervised release.  Finally, the court imposed a special assessment of $200.  In calculating an appropriate sentence for transmission of child pornography pursuant to the Federal Sentencing Guideline ("the Guidelines"), the court started with a base sentence of 22, enhanced the sentence 18 levels due to Guidelines factors and, after considering acceptance of responsibility, arrived at a sentencing range of 210-240 months' imprisonment.

Reminsky did file a direct appeal of his conviction or sentence, nor did he file a collateral attack on his conviction or sentence pursuant to 28 U.S.C. § 2255 (" 2255").

On February 3, 2012, Reminsky filed in this court a petition for habeas relief pursuant to § 2241.  Reminsky asserts a single ground for relief:

> This court has jurisdiction under the savings clause of 28 U.S.C. § 2255 to grant habeas relief under 28 U.S.C. § 2241 based on his claim that he is actually innocent of the substantively unreasonable sentence imposed in his case.

## II.  Jurisdiction

Section 2241 provides in relevant part:  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  Reminsky is being held in the Elkton Federal Correctional Institution in Elkton, Ohio, which is within this court's geographical jurisdiction.  Thus, this court has geographical jurisdiction over Reminsky's petition.

This court does not, however, have subject matter jurisdiction over Reminsky's petition.  The United States District Court for the Eastern Division of North Carolina

-2-

sentenced Reminsky.  Ordinarily, a habeas challenge to the validity of Reminsky's conviction or sentence would be raised pursuant to § 2255 in the district in which he was convicted and sentenced.

Section 2241 is usually reserved for challenges to the execution of a sentence rather than its validity.  *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).  There is an exception to this rule, however.  Section 2255 provides in relevant part as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Reminsky failed to apply for habeas relief in the United States District Court for the Eastern District of North Carolina.  Consequently, he may challenge his conviction and sentence in this court pursuant to § 2241, instead of § 2255, only if he is able to establish that his remedy pursuant to § 2255 is inadequate or ineffective to test the legality of his detention.  *See also United States v. Hayman,* 342 U.S. 205, 223 (1952); *Charles v. Chandler,* 180 F.3d 753, 755-56 (6th Cir. 1999).

The Sixth Circuit has endorsed a finding that § 2255 is inadequate or ineffective to test the legality of a detention in only one circumstance:  when the petitioner asserts a facially valid claim of actual innocence.  *Charles,* 180 F.3d at 756-57; *Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir. 2003).  If Reminsky fails to assert a facially valid claim of actual innocence, this court must dismiss his petition as outside the court's subject matter jurisdiction.

Despite the language used in stating his ground for relief, Reminsky does not

-3-

assert a claim of actual innocence.  Reminsky does not claim that he was improperly *convicted* pursuant to 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 1462.  Rather, he asserts that he was improperly *sentenced* pursuant to the Guidelines.  Reminsky attempts to shoehorn his claim into the savings clause of § 2255 by means of the locution "that he is actually innocent of the . . . sentence . . . ."

The Sixth Circuit has previously dealt with a similar attempt to challenge the validity of a sentence by employing the language of "actual innocence" to trigger the savings clause of § 2255:

> [I]t is unclear whether and to what extent someone . . . can show actual innocence in relation to his claims that challenge the imposition of his sentence. The Eleventh Circuit stated in *Wofford v. Scott,* 177 F.3d 1236 (11th Cir.1999), that:
>
>> The Seventh Circuit in *Davenport* suggested in dicta that the savings clause might apply to some claims involving a "fundamental defect" in sentencing where the petitioner had not had an opportunity to obtain judicial correction of that defect earlier.  *See* 147 F.3d at 611.  We need not decide whether the savings clause extends to sentencing claims in those circumstances, or what a "fundamental defect" in a sentence might be.  It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent.
>
> *Id.* at 1244-45.  [Petitioner] requests the court to consider his claims in light of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), in which the Supreme Court held that, "any fact other than prior conviction that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  *Id.* at 490.
>
> The *Apprendi* rule is not retroactive to cases on collateral review.  *In re Clemmons,* 259 F.3d 489, 493 (6th Cir. 2001) (§ 2255 motion); *Perkins v. Thoms,* 23 Fed. Appx. 256 (6th Cir. 2001) (§ 2241 petition).  Moreover, the ruling in *Apprendi* may not serve as the basis for an actual-innocence claim in an attempt to fit within the savings clause of § 2255.  *Bannerman,* 325 F.3d at 723-24.

*Truss v. Davis*, 2004 WL 2203581, at **2 (6th Cir. Sept. 16, 2004).

-4-

In the present case, Reminsky cites Supreme Court caselaw addressing death penalty sentencing as supporting a finding that his sentencing suffered from a "fundamental defect" equivalent to "actual innocence" and sufficient to bring his case within the ambit of the savings clause of § 2255.[1]  According to Reminsky,

> While recognizing that the "actual innocence" exception does not translate easily into the sentencing phase of a capital trial, the Supreme Court has applied it in those cases.  The Supreme Court has not, however, applied the exception in non-capital sentencing cases, although two Courts of Appeals have done so.
>     Except for the obvious differences in the severity of the sentences, there is little difference between holding that a defendant can be innocent of the acts required to enhance a sentence in a death case and applying a parallel rationale in non-capital cases.

Attachment, Petition, Doc. No. 1, pp. 29-30 (citations and footnote omitted).

At present, this court is not addressing the legal merits of this argument.  Rather, this court is only addressing whether Reminsky demonstrates that the remedy available to him pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence.  Such a demonstration requires him to show that a retroactively applicable Supreme Court decision overturning circuit precedent holds that his sentence suffers from a "fundamental defect" which is the legal equivalent of a claim of actual innocence.  As Reminsky himself concedes in the above-quoted passage, no such Supreme Court decision exists.  Consequently, Reminsky's § 2241 claim does not fall within the savings clause of § 2255.  This court, therefore, lacks subject matter jurisdiction over

---

[1]  Reminsky also cites caselaw from lower courts, such as *United States v. Dorvee*, 616 F.3d 174 (2d Cir 2010), for the proposition that imposition of a sentence for child pornography according to the Guidelines results in a substantively unreasonable sentence.  As Reminsky's § 2241 petition can only be considered by this court if his sentence suffers from a "fundamental defect" pursuant to a retroactively applicable Supreme Court decision overturning circuit precedent, caselaw from lower courts is not relevant to determining whether this court can consider Reminsky's § 2241 petition.

-5-

Reminsky's petition.

Reminsky is now barred by the one-year statutory limitation period from filing a petition pursuant to § 2255.  Nevertheless, the remedy pursuant to § 2255 is not rendered inadequate because the petitioner is procedurally barred from pursuing relief pursuant to § 2255. *Charles,* 180 F.3d at 756-58 (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)).  The expiration of the statutory period, therefore, does not permit Reminsky to avail himself of the savings clause in § 2255.

### III.  Conclusion

Reminsky's petition pursuant to § 2241 does not fall within the savings clause of § 2255 and is not, therefore, within this court's subject matter jurisdiction.  For this reason, Reminsky's petition should be DISMISSED.

Date:  February 24, 2012                          s/ *Nancy A. Vecchiarelli*
                                                           United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.