**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jared Nikolas Reminsky,  Case No. 1:12CV272

    Plaintiff

  v.  **ORDER**

United States of American,

    Respondent

Habeas corpus petitioner Jared Nikolas Reminsky objects [Doc. 7] to the Magistrate Judge's Report and Recommendation (Magistrate's Report) [Doc. 4], which recommends denying Reminsky's petition for lack of subject-matter jurisdiction. Based on a *de novo* review of the record and the applicable law, I overrule Reminsky's objections, and adopt the Magistrate Judge's Report in full.

**Background**

Reminsky plead guilty to one count each of transmission of child pornography in violation of 18 U.S.C. § 2252(a)(1) and transmission of obscene materials over the internet in violation of 18 U.S.C. § 1462. On January 13, 2009, the district court for the Northern District of North Carolina sentenced Reminsky to concurrent sentences of imprisonment for 200 months and sixty months, respectively. The court also sentenced Reminsky to concurrent terms of life and three years' supervised release, and imposed a special assessment of $200.[1]

---

[1] The court determined the sentence based on the Federal Sentencing Guidelines, starting with a base sentence of 22, and enhancing the sentence by 18 levels due to Guideline factors. After

Reminsky has not filed a direct appeal of his conviction or sentence, nor has he filed a collateral attack on his conviction or sentence pursuant to 28 U.S.C. § 2255.

On February 3, 2012, Reminsky filed a petition for habeas relief pursuant to 28 U.S.C. § 2241.

**Discussion**

The Magistrate Judge recommends dismissal of the case for lack of subject-matter jurisdiction.

Federal prisoners seeking "to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . [while those] seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over their prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted).

The Sixth Circuit has recognized a petitioner can get habeas relief under § 2241 if he can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Charles*, *supra*, 180 F.3d at 756. Reminsky acknowledges that he is time-barred from filing for relief under § 2255. The Sixth Circuit has held that "the § 2255 remedy is . . . not undermined simply because [petitioner] has allowed the one-year statute of limitations to expire. . . . if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute." *Charles*, *supra*, 180 F.3d at 758.

Nevertheless, Reminsky maintains that § 2255's "savings clause" is applicable to his case, as he argues that he is "innocent" of his sentence in that it was substantively unreasonable. The Sixth

---

considering acceptance of responsibility, the court arrived at a sentencing range of 210-240 months' imprisonment.

Circuit has acknowledged that innocence could meet the savings clause requirements – but only "actual innocence." *Charles*, *supra*, 180 F.3d at 757. The Sixth Circuit has repeatedly held that "[a]ctual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Reminsky does not make any claim of factual innocence. His objections to the Magistrate Judge's conclusions do not cover any new ground, but instead repeat his arguments from his original petition. Reminsky fails to provide any reason for application of the savings clause, and therefore this court has no jurisdiction over his claim.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. Petitioner's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is adopted, with the petition to be dismissed.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Sr. United States District Judge